# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) No. 03 C 3557 |
| CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION, a Georgia corporation, and DONALD SAUEY, | ) ) Judge Milton I. Shadur ) ) ) |
| | ) |
| Defendants. | ) |

## MOTION TO REINSTATE AND TO ENTER JUDGMENT

Plaintiff, MITSUBISHI HEAVY INDUSTRIES AMERICA, INC. ("IMMD") as assignee, by and through its attorneys, Rein F. Krammer of Masuda, Funai, Eifert & Mitchell, Ltd., hereby moves to reinstate this cause and to enter judgment pursuant to the Agreed Order entered into in this cause, and provides as follows:

1. MAC FUNDING CORPORATION ("MAC") originally instituted this lawsuit against CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION ("Clairson") and DONALD SAUEY ("Sauey"). On or about August 11, 2004, this Court entered an Agreed Order of Dismissal. A copy of such Agreed Order is attached hereto as Exhibit "A" (the "Agreed Order"). Subsequently, MAC assigned to MHI INJECTION MOLDING MACHINERY, INC. ("MIMM") all of MAC's rights and interests in the Agreed Order and a Settlement Agreement dated July 27, 2004 related thereto (the "Settlement Agreement") which had been entered into by and between MAC, Clairson and

Sauey. Thereafter, Clairson and Sauey breached the terms of the Agreed Order. MAC, Clairson and Sauey then entered into a rescheduling agreement to the Agreed Order and Settlement Agreement as reflected in the Rider to Settlement Agreement dated July 27, 2004 by and between MIMM, as assignee, and Clairson and Sauey (the "Rider"). MIMM thereafter assigned its rights under the Agreed Order, the Settlement Agreement and Rider to IMMD.

2. Pursuant to the terms of the subject Agreed Order, Defendants Clairson and Sauey were to make monthly installment payments to plaintiff IMMD (as assignee) pursuant to the payment provisions contained within paragraph 1 of the Agreed Order.

3. However, contrary to the provisions of paragraph 1 of the Agreed Order, defendants, Clairson and Sauey have failed to make all of the required installment payments. Past due and owing are the monthly installments from April, 2010 through July, 2010.

4. IMMD has made demand to Clairson and Sauey to cure the defaults under the Agreed Order, but to date Clairson and Sauey have failed to make any additional payments.

5. As a result of the failure to cure, IMMD (as assignee) is causing to be filed herewith the Declaration of Ms. Keiko Mathewson, Controller of IMMD (See Exhibit "B"), setting forth the fact of such default or breach, and the remaining balance due and owing from Clairson and Sauey.

6. Pursuant to the provisions of paragraph 2 of the Agreed Order, as a result of such breach, and the filing of the aforementioned declaration, IMMD (as assignee) is entitled to judgment against Clairson and Sauey for the amounts and relief set forth in the proposed Judgment Order, a copy of which is attached hereto as Exhibit "C."

**WHEREFORE**, plaintiff MITSUBISHI HEAVY INDUSTRIES AMERICA, INC. (as assignee) prays for judgment against defendants, CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION and DONALD SAUEY as set forth in the proposed Judgment Order attached hereto as Exhibit "C," and for the other relief as may be just and fair.

Dated: August 5, 2010

                                      **MITSUBISHI HEAVY INDUSTRIES AMERICA, INC., as assignee**

                                      By: /s/ Rein F. Krammer
                                                One of its Attorneys

Rein F. Krammer, Esq.
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
Attorney for Plaintiff
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\6753\LIT\00700055.doc

# EXHIBIT "A"

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3557 | **DATE** | 8/10/2004 |
| **CASE TITLE** | Mac Funding Corporation vs. Clarison Industries Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter agreed order of dismissal. This cause is hereby dismissed without prejudice and with leave for plaintiff to reinstate this cause to file a declaration as provided in paragraph 2. Status set for 9/30/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 11 2004 | |
| ✓ | Docketing to mail notices. | | date docketed | 48 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| TP | courtroom deputy's initials | 2004 AUG 10 AM 11:52 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAC FUNDING CORPORATION, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 03 C 3557 |
| CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION, a Georgia corporation, and DONALD SAUEY, | ) ) ) ) ) ) | Judge Nordberg Magistrate Judge Denlow |
| Defendants. | ) ) | |

## AGREED ORDER OF DISMISSAL

THIS CAUSE COMES to be heard upon the agreement of the parties, embodied in a Settlement Agreement dated as of July 27, 2004 (the "Settlement Agreement") and this Court (the "Court") being advised in the premises.

**IT IS HEREBY ORDERED, PURSUANT TO THE AGREEMENT OF THE PARTIES, AS FOLLOWS:**

1. Clairson Industries Corporation f/k/a Clairson Industries of Atlanta Corporation ("Clairson") and Donald Sauey ("Sauey") (collectively, Clairson and Sauey are hereinafter referred to as the "Clairson Debtors") shall make all payments to MAC Funding Corporation ("Plaintiff" or "MAC Funding") due under the Settlement Agreement, which payment plan is set forth in the Amortization Schedule attached hereto as Exhibit "A."

2.  In the event of a default in payment by the Clairson Debtors of any of the payments set forth in the Settlement Agreement, then Plaintiff may send written notice of such default by either facsimile or overnight mail (in either case as proven by written transmission confirmation) to (i) counsel for the Clairson Debtors, Andrew D. Campbell, Novack & Macey LLP, 303 West Madison Street, Suite 1500, Chicago, Illinois 60606; (ii) Daniel Hicks, Law Offices of Daniel Hicks, 421 South Pine Avenue, Ocala, Florida 34474; and (iii) the Clairson Debtors, Attention: Mr. Donald Sauey, 9350 Old Southwick Pass, Alpharetta, Georgia, 30022. The Clairson Debtors shall then have twenty-one (21) calendar days from the date the written notice is sent to such parties via facsimile or overnight mail to cure any default. If a cure is not effected within such twenty-one (21) calendar days, MAC Funding shall be free to file with the Court a declaration, setting forth the fact of such default, the giving of notice, and the remaining balance due and owing from the Clairson Debtors to Plaintiff pursuant to the terms of the Settlement Agreement.

3.  Upon the filing of such declaration, and upon prior written notice given to counsel for the Clairson Debtors, this matter shall be reinstated and this Court shall promptly enter judgment against the Clairson Debtors, for the amount of the remaining balance set forth in the declaration; provided, however, that the Clairson Debtors may contest whether a default occurred and the mathematical accuracy of the amounts due as set forth in the declaration. However, in the event that any default shall be cured within the twenty-one (21) calendar day period provided above, then the payment schedule set forth in Exhibit "A" shall continue in effect.

4.  This cause is hereby dismissed without prejudice and with leave for Plaintiff to reinstate this cause to file a declaration as provided in paragraph 2 above. Upon full payment and full compliance by the Clairson Debtors with the provisions of this Agreed Order, this cause shall then be deemed dismissed with prejudice without requiring any further filing with the Court.

5. This Court shall retain jurisdiction to implement and enforce all of the provisions of this Order and the Settlement Agreement between the parties.

APPROVED:                                    APPROVED:

MAC FUNDING CORPORATION                      CLAIRSON INDUSTRIES CORPORATION
                                             f/k/a CLAIRSON INDUSTRIES OF ATLANTA
                                             CORPORATION and DONALD SAUEY

By: _____          By: _____
Gary D. Santella                             Stephen J. Siegel
Rein F. Krammer                              Andrew D. Campbell
Masuda, Funai, Eifert & Mitchell, Ltd        Novack and Macey LLP
Attorneys for MAC Funding Corporation        Attorneys for Clairson Industries Corp.
203 N. LaSalle Street, Suite 2500            and Donald Sauey
Chicago, Illinois 60601-1262                 303 West Madison Street, Suite 1500
(312) 245-7500                               Chicago, Illinois 60606
                                             (312) 419-6900

ENTER: *John A. Nordberg*

Dated August 10, 2004

*Exhibit A*

07/23/2004 Page 1

Clairson Settlement Agreement

Compound Period .........: Monthly

Nominal Annual Rate ....: 5.500 %
Effective Annual Rate ...: 5.641 %
Periodic Rate ...............: 0.4583 %
Daily Rate ....................: 0.01507 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 07/01/2004 | 650,000.00 | 1 | | |
| 2 Payment | 07/01/2004 | 5,000.00 | 12 | Monthly | 06/01/2005 |
| 3 Payment | 07/01/2005 | 7,000.00 | 12 | Monthly | 06/01/2006 |
| 4 Payment | 07/01/2006 | 8,000.00 | 12 | Monthly | 06/01/2007 |
| 5 Payment | 07/01/2007 | 9,000.00 | 24 | Monthly | 06/01/2009 |
| 6 Payment | 07/01/2009 | 336,981.38 | 1 | | |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 07/01/2004 | | | | 650,000.00 |
| 1 | 07/01/2004 | 5,000.00 | 0.00 | 5,000.00 | 645,000.00 |
| 2 | 08/01/2004 | 5,000.00 | 2,956.25 | 2,043.75 | 642,956.25 |
| 3 | 09/01/2004 | 5,000.00 | 2,946.88 | 2,053.12 | 640,903.13 |
| 4 | 10/01/2004 | 5,000.00 | 2,937.47 | 2,062.53 | 638,840.60 |
| 5 | 11/01/2004 | 5,000.00 | 2,928.02 | 2,071.98 | 636,768.62 |
| 6 | 12/01/2004 | 5,000.00 | 2,918.52 | 2,081.48 | 634,687.14 |
| 2004 Totals | | 30,000.00 | 14,687.14 | 15,312.86 | |
| 7 | 01/01/2005 | 5,000.00 | 2,908.98 | 2,091.02 | 632,596.12 |
| 8 | 02/01/2005 | 5,000.00 | 2,899.40 | 2,100.60 | 630,495.52 |
| 9 | 03/01/2005 | 5,000.00 | 2,889.77 | 2,110.23 | 628,385.29 |
| 10 | 04/01/2005 | 5,000.00 | 2,880.10 | 2,119.90 | 626,265.39 |
| 11 | 05/01/2005 | 5,000.00 | 2,870.38 | 2,129.62 | 624,135.77 |
| 12 | 06/01/2005 | 5,000.00 | 2,860.62 | 2,139.38 | 621,996.39 |
| 13 | 07/01/2005 | 7,000.00 | 2,850.82 | 4,149.18 | 617,847.21 |
| 14 | 08/01/2005 | 7,000.00 | 2,831.80 | 4,168.20 | 613,679.01 |
| 15 | 09/01/2005 | 7,000.00 | 2,812.70 | 4,187.30 | 609,491.71 |
| 16 | 10/01/2005 | 7,000.00 | 2,793.50 | 4,206.50 | 605,285.21 |
| 17 | 11/01/2005 | 7,000.00 | 2,774.22 | 4,225.78 | 601,059.43 |
| 18 | 12/01/2005 | 7,000.00 | 2,754.86 | 4,245.14 | 596,814.29 |
| 2005 Totals | | 72,000.00 | 34,127.15 | 37,872.85 | |
| 19 | 01/01/2006 | 7,000.00 | 2,735.40 | 4,264.60 | 592,549.69 |
| 20 | 02/01/2006 | 7,000.00 | 2,715.85 | 4,284.15 | 588,265.54 |
| 21 | 03/01/2006 | 7,000.00 | 2,696.22 | 4,303.78 | 583,961.76 |
| 22 | 04/01/2006 | 7,000.00 | 2,676.49 | 4,323.51 | 579,638.25 |
| 23 | 05/01/2006 | 7,000.00 | 2,656.68 | 4,343.32 | 575,294.93 |
| 24 | 06/01/2006 | 7,000.00 | 2,636.77 | 4,363.23 | 570,931.70 |

Clairson Settlement Agreement                                          07/23/2004  Page 2

| # | Date | Payment | Interest | Principal | Balance |
|---|------|---------|----------|-----------|---------|
| 25 | 07/01/2006 | 8,000.00 | 2,616.77 | 5,383.23 | 565,548.47 |
| 26 | 08/01/2006 | 8,000.00 | 2,592.10 | 5,407.90 | 560,140.57 |
| 27 | 09/01/2006 | 8,000.00 | 2,567.31 | 5,432.69 | 554,707.88 |
| 28 | 10/01/2006 | 8,000.00 | 2,542.41 | 5,457.59 | 549,250.29 |
| 29 | 11/01/2006 | 8,000.00 | 2,517.40 | 5,482.60 | 543,767.69 |
| 30 | 12/01/2006 | 8,000.00 | 2,492.27 | 5,507.73 | 538,259.96 |
| 2006 Totals | | 90,000.00 | 31,445.67 | 58,554.33 | |
| 31 | 01/01/2007 | 8,000.00 | 2,467.02 | 5,532.98 | 532,726.98 |
| 32 | 02/01/2007 | 8,000.00 | 2,441.67 | 5,558.33 | 527,168.65 |
| 33 | 03/01/2007 | 8,000.00 | 2,416.19 | 5,583.81 | 521,584.84 |
| 34 | 04/01/2007 | 8,000.00 | 2,390.60 | 5,609.40 | 515,975.44 |
| 35 | 05/01/2007 | 8,000.00 | 2,364.89 | 5,635.11 | 510,340.33 |
| 36 | 06/01/2007 | 8,000.00 | 2,339.06 | 5,660.94 | 504,679.39 |
| 37 | 07/01/2007 | 9,000.00 | 2,313.11 | 6,686.89 | 497,992.50 |
| 38 | 08/01/2007 | 9,000.00 | 2,282.47 | 6,717.53 | 491,274.97 |
| 39 | 09/01/2007 | 9,000.00 | 2,251.68 | 6,748.32 | 484,526.65 |
| 40 | 10/01/2007 | 9,000.00 | 2,220.75 | 6,779.25 | 477,747.40 |
| 41 | 11/01/2007 | 9,000.00 | 2,189.68 | 6,810.32 | 470,937.08 |
| 42 | 12/01/2007 | 9,000.00 | 2,158.46 | 6,841.54 | 464,095.54 |
| 2007 Totals | | 102,000.00 | 27,835.58 | 74,164.42 | |
| 43 | 01/01/2008 | 9,000.00 | 2,127.10 | 6,872.90 | 457,222.64 |
| 44 | 02/01/2008 | 9,000.00 | 2,095.60 | 6,904.40 | 450,318.24 |
| 45 | 03/01/2008 | 9,000.00 | 2,063.96 | 6,936.04 | 443,382.20 |
| 46 | 04/01/2008 | 9,000.00 | 2,032.17 | 6,967.83 | 436,414.37 |
| 47 | 05/01/2008 | 9,000.00 | 2,000.23 | 6,999.77 | 429,414.60 |
| 48 | 06/01/2008 | 9,000.00 | 1,968.15 | 7,031.85 | 422,382.75 |
| 49 | 07/01/2008 | 9,000.00 | 1,935.92 | 7,064.08 | 415,318.67 |
| 50 | 08/01/2008 | 9,000.00 | 1,903.54 | 7,096.46 | 408,222.21 |
| 51 | 09/01/2008 | 9,000.00 | 1,871.02 | 7,128.98 | 401,093.23 |
| 52 | 10/01/2008 | 9,000.00 | 1,838.34 | 7,161.66 | 393,931.57 |
| 53 | 11/01/2008 | 9,000.00 | 1,805.52 | 7,194.48 | 386,737.09 |
| 54 | 12/01/2008 | 9,000.00 | 1,772.54 | 7,227.46 | 379,509.63 |
| 2008 Totals | | 108,000.00 | 23,414.09 | 84,585.91 | |
| 55 | 01/01/2009 | 9,000.00 | 1,739.42 | 7,260.58 | 372,249.05 |
| 56 | 02/01/2009 | 9,000.00 | 1,706.14 | 7,293.86 | 364,955.19 |
| 57 | 03/01/2009 | 9,000.00 | 1,672.71 | 7,327.29 | 357,627.90 |
| 58 | 04/01/2009 | 9,000.00 | 1,639.13 | 7,360.87 | 350,267.03 |
| 59 | 05/01/2009 | 9,000.00 | 1,605.39 | 7,394.61 | 342,872.42 |
| 60 | 06/01/2009 | 9,000.00 | 1,571.50 | 7,428.50 | 335,443.92 |
| 61 | 07/01/2009 | 336,981.38 | 1,537.46 | 335,443.92 | 0.00 |
| 2009 Totals | | 390,981.38 | 11,471.75 | 379,509.63 | |
| Grand Totals | | 792,981.38 | 142,981.38 | 650,000.00 | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION, a Georgia corporation, and DONALD SAUEY, <br><br> Defendants. | No. 03 C 3557 <br><br> Judge Milton I. Shadur |

## DECLARATION OF MS. KEIKO MATTHEWSON

I, Keiko Matthewson, declare under penalty of perjury as follows:

1. I am the Controller for MITSUBISHI HEAVY INDUSTRIES AMERICA, INC. ("IMMD"). I am one of the custodians of the books and records of IMMD as they pertain to the accounts relating to CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION ("Clairson") and DONALD SAUEY ("Sauey"). Such books and records are kept and maintained in the normal course of the business of IMMD.

2. Pursuant to the books and records of IMMD, Clairson and Sauey have failed to make certain payments under the Agreed Order dated August 11, 2004 (the "Agreed Order"). MAC FUNDING CORPORATION ("MAC") assigned to MHI Injection Molding Machinery,

Inc. ("MIMM") all of MAC's interest and rights in and to the Agreed Order as well as the Settlement Agreement dated July 27, 2004 (the "Settlement Agreement") and a Rider to Settlement Agreement dated June 27, 2004 by and between MIMM, as assignee, and Clairson and Sauey (the "Rider").

3. IMMD has made demand upon Clairson and Sauey to cure the default under the Agreed Order, however, to date, Clairson and Sauey have not made any further payments. In addition, Clairson and Sauey have not responded to any of the attempts by IMMD to contact them.

4. As provided above, the past due amount has not been cured by Clairson or Sauey.

5. As a result thereof, there remains due and owing from Clairson and Sauey as follows:

(i) Clairson to IMMD (as assignee), pursuant to the provisions of the Agreed Order, the sum of $640,677.12, as of July 30, 2010, calculated as follows:

| | |
|---|---|
| Principal (past and accelerated) | $534,169.22 |
| Accrued Interest | $16,206.26 |
| Attorneys' Fees | $90,301.64 |
| TOTAL | **$640,677.12** |

(ii) Sauey to IMMD (as assignee) pursuant to the provisions of the Agreed Order, the sum of $422,843.74, as of July 30, 2010, calculated as follows:

| | |
|---|---|
| Principal (past and accelerated) | $322,750.12 |
| Accrued Interest | $9,791.98 |
| Attorneys' Fees | $90,301.64 |

| TOTAL | <u>**$422,843.74**</u> |
|---|---|

I declare under a penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                                    */s/ Keiko Matthewson*
                                                    Keiko Matthewson

Rein F. Krammer, Esq.
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
Attorney for Plaintiff
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\6753\LIT\00700053.doc

**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAC FUNDING CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION, a Georgia corporation, and DONALD SAUEY, <br><br> Defendants. | No. 03 C 3557 <br><br> Judge Milton I. Shadur |

## JUDGMENT ORDER

This cause comes to be heard upon the Motion of plaintiff MITSUBISHI HEAVY INDUSTRIES AMERICA, INC. (as assignee) to Reinstate and to Enter Judgment and the declaration in support of Ms. Keiko Matthewson, due notice having been given; and the Court finding that defendants CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION ("Clairson") and DONALD SAUEY ("Sauey") have failed to comply with, and are in breach and default under the provisions of the Agreed Order entered in this cause on August 11, 2004, and that defendants Clairson and Sauey have failed to cure such breach and default after being given notice and an opportunity to cure, as provided in such Agreed Order;

IT IS HEREBY ORDERED AS FOLLOWS:

1. This matter is hereby reinstated; and judgment is hereby entered in favor of plaintiff MITSUBISHI HEAVY INDUSTRIES AMERICA, INC. (as assignee) and against CLAIRSON INDUSTRIES CORPORATION f/k/a CLAIRSON INDUSTRIES OF ATLANTA CORPORATION in the amount of $640,677.12 (including attorneys' fees and costs) with $422,843.74 of that amount being owed jointly and severally with DONALD SAUEY (see below), and against DONALD SAUEY in the amount of $422,843.74 (including attorneys' fees and costs).

**ENTER:**

_____
Milton I. Shadur, U.S. District Court Judge

_____
Dated

Rein F. Krammer, Esq.
MASUDA, FUNAI, EIFERT & MITCHELL, LTD.
Attorney for Plaintiff
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
(312) 245-7500
(312) 245-7467

RFK:cmp
N:\SYS08\6753\LIT\00700054.doc